**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
TODD FRIEDMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD FRIEDMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> RELIANT SERVICES GROUP, LLC dba RELIANT FUNDING, <br><br> Defendant. | Case No. **'17CV0331 JM   BGS** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1.   Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of RELIANT SERVICES GROUP, LLC

dba RELIANT FUNDING ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff and on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Southern District of California as Defendant's headquarters is located in San Diego, California.

## PARTIES

4. Plaintiff, TODD FRIEDMAN ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Defendant, RELANT SERVICES GROUP, LLC dba Reliant Funding ("Defendant"), is a limited liability company engaged in the business of lending business capital loans to business owners nationwide with its state of incorporation in Delaware and its corporate headquarters in the County of San Diego, State of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6. Beginning in or around January 2017, Defendant began placing autodialed telephone calls to Plaintiff's cellular telephone number ending in 9293, which Plaintiff has possessed exclusively since approximately 2011.

7. To date, Defendant has placed at least one (1) such autodialed solicitation call to Plaintiff's cellular telephone on or about January 31, 2017 at approximately 9:12am PST.

8. Defendant placed its call from telephone number (213) 266-9556.

9. The purpose of Defendant's call was to attempt to solicit Plaintiff into applying for a business capital loan. Plaintiff answered Defendant's call and spoke with an employee/agent for Defendant for a period of approximately eight (8) minutes.

10. However, when Plaintiff answered the call, he was greeted with "dead air" whereby no person was on the other line. After several seconds, an agent was connected to the automated call, greeted Plaintiff and sought to speak with Plaintiff in an attempt to solicit a potential commercial loan or line of credit Defendant was offering.

11. Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place January 31, 2017 call to Plaintiff soliciting his business. The dead air that the Plaintiff experienced on the call that he received is indicative of the use of an automatic telephone dialing system.

12. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.

13. The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it. Should the call at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted

by said person.

14. Defendant's call constituted a call that was not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

15. Defendant's call was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

16. Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with his cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

17. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's and the putative class' privacy;

   b. Electronically intruding upon Plaintiff's and the putative class' seclusion;

   c. Intrusion into Plaintiff's and the putative class' use and enjoyment of their cellular telephones;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;

   e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## CLASS ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone call from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint wherein said person had not previously consented to receive any such call/s

19. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone call from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint wherein said person had not previously consented to receive any such call/s.

20. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds if not thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

22. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff

and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

23. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

24. As a person that received a call from Defendant using an automatic telephone dialing system, without prior express consent, Plaintiff is asserting claims that are typical of The Class.

25. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

26. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims

of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

31. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

32. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

35. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

36. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Injunctive relief.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: February 17, 2017            **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff