William A. Hanssen (Bar No. 110613)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile:  (310) 229-1285
william.hanssen@dbr.com

Bradley J. Andreozzi *(pro hac vice)*
Justin O. Kay *(pro hac vice)*
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000
bradley.andreozzi@dbr.com
justin.kay@dbr.com

Attorneys for Defendant
RELIANT SERVICES GROUP, LLC
dba RELIANT FUNDING ET. AL.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FRIEDMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>RELIANT SERVICES GROUP, LLC dba RELIANT FUNDING,<br><br>            Defendant. | Case No.  17-CV-0331<br>Judge: Honorable Jeffrey T. Miller<br>Courtroom: 5D<br><br>**DEFENDANT RELIANT SERVICES GROUP, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant Reliant Services Group, LLC (d/b/a Reliant Funding) ("Reliant"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8(b), answers the Class Action Complaint for Damages and Demand for Jury Trial (the "Complaint") filed by Todd Friedman (the "Plaintiff") as stated herein. Reliant answers only the factual allegations presented in the Complaint. To the extent that any portion of the Complaint asserts conclusions of law, no pleading is required. Reliant denies any allegations that are not specifically admitted in this Answer.

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of RELIANT SERVICES GROUP, LLC dba RELIANT FUNDING ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff and on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq. ("TCPA"),* thereby invading Plaintiff's privacy.

**ANSWER**: Reliant admits that Plaintiff's Complaint seeks statutory damages and other remedies for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), and that Plaintiff seeks to certify and represent a class related to such alleged violations. Reliant denies the remaining allegations contained in Paragraph 1, and specifically denies that Reliant violated the TCPA, that Reliant is a proper defendant, that Plaintiff or any purported class member is entitled to any relief whatsoever, that Plaintiff can represent a class, or that any class can be certified.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## JURISDICTION & VENUE

2.     Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

**ANSWER**:  Reliant asserts that the allegations contained in Paragraph 2 are

statements of Plaintiff's legal conclusions to which no response is required, but to

the extent that a response is deemed required or to the extent that Paragraph 2

contains allegations of fact, Reliant denies such allegations.

3.     Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Southern District of California as Defendant's headquarters is located in San Diego, California.

**ANSWER**:  Reliant admits that it does business within the State of

California and the Southern District of California, and that its headquarters is

located in San Diego, California.  Reliant asserts that the remaining allegations

contained in Paragraph 3 are statements of Plaintiff's legal conclusions to which no

response is required, but to the extent that a response is deemed required or to the

extent that Paragraph 3 contains allegations of fact, Reliant denies such allegations.

## PARTIES

4.     Plaintiff, TODD FRIEDMAN ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

**ANSWER**:  Reliant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except denies that the referenced subsection defines the word "person."

5.      Defendant, RELIANT SERVICES GROUP, LLC dba Reliant Funding ("Defendant"), is a limited liability company engaged in the business of lending business capital loans to business owners nationwide with its state of incorporation in Delaware and its corporate headquarters in the County of San Diego, State of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

**ANSWER**:  Reliant admits that it is a Delaware limited liability company and that its corporate headquarters is in San Diego, California, but denies the remaining allegations contained in Paragraph 5.

## FACTUAL ALLEGATIONS

6.      Beginning in or around January 2017, Defendant began placing autodialed telephone calls to Plaintiff's cellular telephone number ending in 9293, which Plaintiff has possessed exclusively since approximately 2011.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 6 (and specifically denies that it placed *any* telephone calls of *any* type to Plaintiff), except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged possession of a cellular telephone number.

7.      To date, Defendant has placed at least one (1) such autodialed solicitation call to Plaintiff's cellular telephone on or about January 31, 2017 at approximately 9:12am PST.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 7.

8.      Defendant placed its call from telephone number (213) 266-9556.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 8.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

9.     The purpose of Defendant's call was to attempt to solicit Plaintiff into applying for a business capital loan.  Plaintiff answered Defendant's call and spoke with an employee/agent for Defendant for a period of approximately eight (8) minutes.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 9.

10.     However, when Plaintiff answered the call, he was greeted with "dead air" whereby no person was on the other line.  After several seconds, an agent was connected to the automated call, greeted Plaintiff and sought to speak with Plaintiff in an attempt to solicit a potential commercial loan or line of credit Defendant was offering.

**ANSWER**:  Reliant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, except denies that any statements made during the alleged call were by or attributable to Reliant.

11.     Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a) (1)* to place January 31, 2017 call to Plaintiff soliciting his business.  The dead air that the Plaintiff experienced on the call that he received is indicative of the use of an automatic telephone dialing system.

**ANSWER**:  Reliant denies that the alleged call was placed by or attributable to Reliant, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding how such a call was placed and whether Plaintiff heard "dead air" when he answered the alleged call, and asserts that the remaining allegations contained in Paragraph 11 are statements of Plaintiff's legal conclusions to which no response is required, and to the extent that Paragraph 11 contains allegations of fact, such generalized and vague allegations regarding the legal significance of "dead air" are not particularized factual allegations to which a

1  response can meaningfully be made, but to the extent that a response is deemed

2
3  required, Reliant denies knowledge or information sufficient to form a belief as to

4  the truth of such allegations.

5      12.   This "dead air" is commonplace with autodialing and/or predictive

6  dialing equipment.  It indicates and evidences that the algorithm(s) being used by
   Defendant's and/or its agent's autodialing equipment to predict when the live
7  human agents are available for the next call has not been perfected and/or has not
   been recently refreshed or updated.  Thus resulting in the autodialer placing a call
8  several seconds prior to the human agent's ability to end the current call he or she is
9  on and be ready to accept the new connected call that the autodialer placed, without
10 human intervention, to Plaintiff.

11     **ANSWER**:  Reliant asserts that the generalized and vague allegations

12
13 contained in Paragraph 12 regarding "dead air" and its alleged significance are not

14 particularized factual allegations to which a response can meaningfully be made,

15
16 but to the extent that a response is deemed required, Reliant denies knowledge or

17 information sufficient to form a belief as to the truth of such allegations, except

18 denies that the alleged call was made by or on behalf of Reliant.

19     13.   The dead air is essentially the autodialer holding the call it placed to

20 Plaintiff until the next available human agent is ready to accept it.  Should the call
   at issue been manually dialed by a live human being, there would be no such dead
21 air as the person dialing Plaintiff's cellular telephone would have been on the other
22 end of the call the entire time and Plaintiff would have been immediately greeted by
   said person.
23

24     **ANSWER**:  Reliant asserts that the generalized and vague allegations

25
26 contained in Paragraph 13 are not particularized factual allegations to which a

27 response can meaningfully be made, but to the extent that a response is deemed

28

required, Reliant denies knowledge or information sufficient to form a belief as to

the truth of such allegations.

14.    Defendant's call constituted a call that was not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

**ANSWER**:  Reliant denies that the alleged call was "Defendant's call" or

placed by or attributable to Reliant, and asserts that the remaining allegations

contained in Paragraph 14 are statements of Plaintiff's legal conclusions to which

no response is required, but to the extent that a response is deemed required, Reliant

denies such allegations.

15.    Defendant's call was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1).*

**ANSWER**:  Reliant denies the allegations contained in Paragraph 15, except

denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 15 regarding Plaintiff's payment for telephone

service.

16.    Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with his cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A).*

**ANSWER**:  Reliant admits that it has never extended a loan to "Todd

Friedman," but denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 16 regarding whether it has ever done business

with Plaintiff or whether Plaintiff has ever provided a cellular telephone number to Reliant.  Reliant asserts that the remaining allegations contained in Paragraph 16 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required or to the extent that Paragraph 16 contains allegations of fact, Reliant denies such allegations.

17.   As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a.   Invading Plaintiff's and the putative class' privacy;
b.   Electronically intruding upon Plaintiff's and the putative class' seclusion;
c.   Intrusion into Plaintiff's and the putative class' use and enjoyment of their cellular telephones;
d.   Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;
e.   Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 17.

## CLASS ALLEGATIONS

18.   Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone call from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint wherein said person had not previously consented to receive any such call/s

**ANSWER**:  Reliant acknowledges that Plaintiff purports to bring a class action on behalf of the identified class but denies that any claim is properly asserted or amenable to class certification.  Except as specifically admitted, Reliant denies the allegations contained in Paragraph 18.

19.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone call from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint wherein said person had not previously consented to receive any such call/s.

**ANSWER**:  Reliant acknowledges that Plaintiff purports to represent the putative class defined in Paragraph 18 but denies that any claim is properly asserted or amenable to class certification.  Except as specifically admitted, Reliant denies the allegations contained in Paragraph 19.

20.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

**ANSWER**:  Reliant acknowledges that Plaintiff purports to exclude certain persons and entities from the putative class defined in Paragraph 18, denies that any claim is properly asserted or amenable to class certification, and asserts that the generalized and vague allegations contained in Paragraph 20 regarding Plaintiff's knowledge (or lack thereof) and beliefs are not particularized factual allegations to which a response can be meaningfully made, but to the extent a response is deemed

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

required, Reliant denies knowledge or information sufficient to form a belief as to the truth of such allegations.

21.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds if not thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

**ANSWER**:  Reliant asserts that the allegations contained in Paragraph 21 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To the extent Paragraph 21 contains allegations of fact, Reliant denies each and every such allegation.

22.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways:  Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 22.

23.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant made any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any

automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER**: Reliant asserts that the allegations contained in Paragraph 23 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To the extent Paragraph 23 contains allegations of fact, Reliant denies each and every such allegation.

24.    As a person that received a call from Defendant using an automatic telephone dialing system, without prior express consent, Plaintiff is asserting claims that are typical of The Class.

**ANSWER**: Reliant asserts that the allegations contained in Paragraph 24 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To the extent Paragraph 24 contains allegations of fact, Reliant denies each and every such allegation.

25.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

**ANSWER**: Reliant asserts that the allegations contained in Paragraph 25 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To

the extent Paragraph 25 contains allegations of fact, Reliant denies each and every such allegation.

26.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

**ANSWER**:  Reliant asserts that the allegations contained in Paragraph 26 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To the extent Paragraph 26 contains allegations of fact, Reliant denies each and every such allegation.

27.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

**ANSWER**:  Reliant asserts that the allegations contained in Paragraph 27 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To the extent Paragraph 27 contains allegations of fact, Reliant denies each and every such allegation.

28.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

**ANSWER**:  Reliant asserts that the allegations contained in Paragraph 28 are statements of Plaintiff's legal conclusions to which no response is required, but to the extent that a response is deemed required, Reliant denies such allegations.  To the extent Paragraph 28 contains allegations of fact, Reliant denies each and every such allegation.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

**ANSWER**:  Reliant incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 28 of the Complaint.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

**ANSWER**:  Reliant denies the allegations contained in Paragraph 30.

31.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

**ANSWER**:  Reliant denies the allegations contained in Paragraph 31.

32.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**ANSWER**: Reliant denies the allegations contained in Paragraph 32, except admits that Plaintiff's Complaint seeks injunctive relief but denies that Plaintiff and the purported class are entitled to such injunctive relief or any relief whatsoever.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

33.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

**ANSWER**: Reliant incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint.

34.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

**ANSWER**: Reliant denies the allegations contained in Paragraph 34.

35.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.,* Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

**ANSWER**: Reliant denies the allegations contained in Paragraph 35.

36.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**ANSWER**:  Reliant denies the allegations contained in Paragraph 36, except admits that Plaintiff's Complaint seeks injunctive relief but denies that Plaintiff and the purported class are entitled to such injunctive relief or any relief whatsoever.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b) (1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

**ANSWER**:  Reliant denies that Plaintiff is entitled to the relief requested in this "WHEREFORE" clause of the Complaint, including all subparts thereof.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

**ANSWER**:  Reliant denies that Plaintiff is entitled to the relief requested in this "WHEREFORE" clause of the Complaint, including all subparts thereof.

## RELIANT'S SEPARATE OR ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Reliant asserts the following additional or affirmative defenses.  Reliant reserves all rights to assert additional or amended defenses:

1.    The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2.    The Court lacks subject matter jurisdiction over Plaintiff's claims.

3.    Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because they consented to receive the calls allegedly at issue in this matter.

4.    Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because they were not charged for the calls allegedly at issue in this matter.

5.    Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the primary jurisdiction doctrine.

6.     Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of laches or are otherwise time-barred.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

7.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of release.

8.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

9.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrines of waiver and/or ratification.

10.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part by the doctrine of unclean hands.

11.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

12.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because any award would constitute unjust enrichment.

13.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements entered into between Plaintiff or putative class members and Reliant.

14.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because any alleged damages were not caused by Reliant, but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third-parties for which Reliant is not responsible.

15.     If Plaintiff is seeking actual damages on behalf of himself or putative class members, Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because they failed to mitigate their damages, if any.

16.     Plaintiff's claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed class does not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, predominance, adequacy of representation, superiority, and manageability.

17.     Plaintiff's claims on behalf of the putative class are barred because Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

18.      Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because certification of a class here would violate Reliant's right to due process under the Constitution of the United States.

19.     Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because Reliant did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

20.     Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because Reliant did not negligently violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

21.    Plaintiff's claims, as well as any claims of putative class members, are barred, in whole or in part, because Reliant substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

22.    To the extent that Plaintiff or the putative class may seek recovery of attorneys' fees, such fees are not recoverable under the Telephone Consumer Protection Act of 1991.

*        *        *

Reliant specifically reserves all separate or affirmative defenses that it may have against each putative class member.  At this time, it is not possible for Reliant to delineate all such defenses against the putative class members because no classes have been certified (if any can be, which Reliant denies) and the putative class members are not parties to the litigation.

Reliant also expressly reserves and asserts all affirmative defenses available under any applicable law.  Reliant reserves its right to supplement its Answer and to assert additional defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

## RELIANT'S PRAYER FOR RELIEF

WHEREFORE, Reliant respectfully prays for judgment as follows:

1.    That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Reliant;

2.     That Plaintiff and any member of the putative class take nothing by the Complaint; and

3.     That Reliant be awarded such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Reliant demands a trial by jury.

Dated:   June 30, 2017          DRINKER BIDDLE & REATH LLP

By: /s/ *William A. Hanssen*

William A. Hanssen
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
william.hanssen@dbr.com

Bradley J. Andreozzi *(pro hac vice)*
Justin O. Kay *(pro hac vice)*
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
bradley.andreozzi@dbr.com
justin.kay@dbr.com

*Attorneys for Defendant,*
RELIANT SERVICES GROUP, LLC
dba RELIANT FUNDING

## PROOF OF SERVICE BY ECF

STATE OF CALIFORNIA          )
                             )  ss.:
COUNTY OF LOS ANGELES        )

*Todd Friedman, On Behalf of Himself and All Others Similarly Situated v. Reliant Services Group, LLC, dba Reliant Funding*

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

  On June 30, 2017, I served on interested parties in said action the within:

### DEFENDANT RELIANT SERVICES GROUP, LLC dba RELIANT FUNDING'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

by transmitting a true copy of said document by ECF as stated to all those on the attached service list.

  I am readily familiar with the ECF filing system.

  Executed on June 30, 2017, at Los Angeles, California.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Linda Sepulvado
(Type or print name)

(Signature)

Drinker Biddle & Reath LLP
Attorneys At Law
Los Angeles

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## SERVICE LIST

*Todd Friedman, On Behalf of Himself and All Others Similarly Situated v. Reliant Services Group, LLC, dba Reliant Funding*

Nicholas J. Bontrager
G. Thomas Martin, III
MARTIN & BONTRAGER, APC
6464 W. Sunset Blvd., Suite 960
Los Angeles , CA  90028
Phone: 323-940-1700
Fax: 323-238-8095
Email: nick@mblawapc.com
Email: tom@mblawapc.com

Attorneys For Plaintiff